IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ashlee Williams, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-7496 |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Express Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, Ashlee Williams, by and through her attorneys, and alleges the following against Defendant, Federal Express Corporation:

**Jurisdiction, Venue & Parties**

1. This case arises under Title VII of the Civil Rights Act of 1964 ("Title VII").

2. As a result, this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question jurisdiction).

3. Plaintiff also brings claims under the Illinois Human Rights Act ("IHRA").

4. This Court has supplemental jurisdiction over Plaintiff's IHRA claims, pursuant to 28 U.S.C. § 1367, because these claims are so related to the Title VII claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is appropriate here because the events giving rise to this litigation occurred in Chicago, Illinois.

6. Plaintiff Ashlee Williams was an employee of Federal Express Corporation ("FedEx") from October 24, 2017-January 21, 2020.

7. FedEx provides transportation, e-commerce, and business services, by shipping time-sensitive documents and materials to businesses and homes.

8. Williams worked for FedEx at O'Hare airport.

9. Williams began her employment as a Package Handler.

10. In September 2018, Williams was promoted to part-time Tractor Trailer Driver.

**Facts Relevant to All Claims**

11. On December 11, 2019, Williams complained to Senior Manager, Sandra Braxton, that she had been issued unfair discipline compared to a male co-worker, Josian Benitez.

12. On December 16, 2019, Williams verbally reported to District Manager, Michael Rendine that she believed her boss, Ed Gorecki, had shown favorable treatment to Josian Benitez because he was a man.

13. On December 16-17, 2019, Benitez was made to serve a suspension (so that his discipline would match Williams').

14. On or around December 19, 2019, Benitez made a false claim that Williams had "sexually harassed" him.

15. On December 20, 2019, FedEx suspended Williams based on the "sexual harassment" allegation.

16. On January 2, 2020, Williams complained, in writing, to Rendine that "I feel that I'm being discriminated against because of my gender from both management…and HR…" In that same email, she shared information that disproved the claims that Benitez was making about her.

17. Williams forwarded her January 2, 2020 email to Rendine to Human Resources Advisor Robinson the next day, January 3, 2020.

2

18. On January 8-9, 2020, Williams informed HR's Robinson that Benitez and she had both sent each other sexual messages (and provided proof).

19. On January 9, 2020, Williams found out from a co-worker that a private sexual image[1] of her had been disseminated among FedEx employees.

20. On January 10, 2020, HR's Robinson told Williams that a video of her was "being passed around the warehouse." Williams told Robinson that the video had been shared and was being shared without her consent.

21. Disseminating a private sexual image of someone without their consent is a felony crime in Illinois. (720 ILCS 5/11-23.5)

22. Instead of helping Williams report this felony crime (or crimes) to law enforcement, FedEx fired her, on January 21, 2020.

23. FedEx fired Williams based on Benitez's claims (although they had been proven false) and because a man (or men) had shared private sexual images of her (without her consent).

24. The man (or men) who disseminated the sexual images of Williams were not fired.

-Causes of Action-

**Count 1: Termination Based on Sex, in Violation of Title VII**

25. Plaintiff re-alleges paragraphs 1-24 as if re-typed here.

26. Under Title VII, it is unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of her sex; or to limit, segregate, or classify its employees in

---

[1] "Image" includes a photograph, film, videotape, digital recording, or other depiction. (720 ILCS 5/11-23.5)

3

any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of her sex. 42 U.S.C. § 2000e-2(a).

27. FedEx violated Title VII when it terminated Williams, the *victim* of a crime—and did not fire the man or men who had *committed* the crime.

28. Williams has been damaged financially and emotionally by FedEx's violations of Title VII.

29. Punitive damages are necessary to punish FedEx.

30. Punitive damages are necessary to deter FedEx (and companies like it) from similar behavior.

31. Williams exhausted her administrative remedies under Title VII: she filed a Charge of Discrimination with the EEOC on March 13, 2020; received a right-to-sue letter on or around October 16, 2020; and is filing this lawsuit within 90 days thereof.

WHEREFORE, Plaintiff, Ashlee Williams, requests that Defendant, FedEx, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which she is entitled under the law, including but not limited to reinstatement (or front pay); back pay, including wages, salary and fringe benefits; prejudgment interest; compensatory damages; punitive damages; a tax offset payment; attorneys' fees; and costs.

### Count 2: Hostile Work Environment in Violation of Title VII

32. Plaintiff re-alleges paragraphs 1-24 as if re-typed here.

33. Sexual harassment that creates a hostile work environment is a form of discrimination under Title VII.

34. Williams endured unwelcome sexual harassment because of her sex.

4

35. It was severe: a private sexual image was being disseminated by her co-workers.

36. It was pervasive[2]: she was told that her image was being spread "throughout the warehouse."

37. The harassment altered the conditions of her employment and created a hostile work environment.

38. FedEx failed to stop and correct the harassment, despite clear knowledge of it.

39. Williams has been damaged emotionally by FedEx's violations of Title VII.

40. Punitive damages are necessary to punish FedEx.

41. Punitive damages are necessary to deter FedEx (and companies like it) from similar behavior.

42. Williams exhausted her administrative remedies under Title VII: she filed a Charge of Discrimination with the EEOC on March 13, 2020; received a right-to-sue letter on or around October 16, 2020; and is filing this lawsuit within 90 days thereof.

WHEREFORE, Plaintiff, Ashlee Williams, requests that Defendant, FedEx, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which she is entitled under the law, including but not limited to reinstatement (or front pay); back pay, including wages, salary and fringe benefits; prejudgment interest; compensatory damages; punitive damages; a tax offset payment; attorneys' fees; and costs.

### Count 3: Retaliation in Violation of Title VII

43. Plaintiff re-alleges paragraphs 1-24 as if re-typed here.

---

[2] Harassment need not be severe <u>and</u> pervasive; it need only be one or the other.

5

44. Under Title VII's anti-retaliation provisions, it is unlawful for an employer to discriminate against any of its employees because she has opposed an unlawful employment practice. 42 U.S.C. § 2000e -3.

45. Williams opposed unlawful employment practices on December 11, 2020; December 16, 2020; January 2, 2020; January 3, 2020; January 8-9, 2020; and January 10, 2020.

46. On January 21, 2020, FedEx terminated her.

47. FedEx terminated her because she had opposed unlawful employment practices.

48. As a result, Defendant violated Title VII.

49. Williams has been damaged financially and emotionally by Defendant's violations of Title VII.

50. Punitive damages are necessary to punish FedEx.

51. Punitive damages are necessary to deter FedEx (and companies like it) from committing similar violations in the future.

52. Williams exhausted her administrative remedies under Title VII: she filed a Charge of Discrimination with the EEOC on March 13, 2020; received a right-to-sue letter on or around October 16, 2020; and is filing this lawsuit within 90 days thereof.

WHEREFORE, Plaintiff, Ashlee Williams, requests that Defendant, FedEx, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which she is entitled under the law, including but not limited to reinstatement (or front pay; back pay, including wages, salary and fringe benefits; prejudgment interest; compensatory damages; punitive damages; a tax offset payment; attorneys' fees; and costs.

**Count 4: Termination Based on Sex, in Violation of the Illinois Human Rights Act**

53. Plaintiff re-alleges the allegations of Count 1 here.

54. Under the IHRA, it is a civil right violation for an employer to act with respect to terms, privileges and conditions of employment on the basis of unlawful discrimination, which includes sex. 775 Ill. Comp. Stat. Ann. 5/2-102.

55. In addition to violating Title VII, FedEx also violated the IHRA.

56. Williams has been damaged financially and emotionally by FedEx's violations of the IHRA.

57. Punitive damages are necessary to punish FedEx.

58. Punitive damages are necessary to deter FedEx (and companies like it) from committing similar violations in the future.

59. Williams exhausted her administrative remedies under the IHRA: she filed a Charge of Discrimination with the EOC on March 13, 2020 which was cross-filed with the Illinois Department of Human Rights; she received a right-to-sue letter from the EEOC on or around October 16, 2020; she notified the IDHR; she received dismissal from the IDHR on or around December 13, 2020; and she is bringing suit within 90 days of receipt of that dismissal.

WHEREFORE, Plaintiff, Ashlee Williams, requests that Defendant, FedEx, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which she is entitled under the law, including but not limited to reinstatement (or front pay); back pay and benefits; prejudgment interest on back pay; a tax offset payment; pre-judgment interest; compensatory damages; punitive damages; attorney's fees; expenses (including expert expenses); and costs.

**Count 5: Hostile Work Environment in Violation of IHRA**

60. Plaintiff re-alleges the allegations of Count 2 here.

61. Sexual harassment that creates a hostile work environment is a form of discrimination under the IHRA.

62. Williams endured unwelcome sexual harassment because of her sex, as detailed in Count 2.

63. In addition to violating Title VII, FedEx also violated the IHRA.

64. Williams has been damaged emotionally by Defendant's violations of the IHRA.

65. Punitive damages are necessary to punish FedEx.

66. Punitive damages are necessary to deter FedEx (and companies like it) from committing similar violations in the future.

67. Williams exhausted her administrative remedies under the IHRA: she filed a Charge of Discrimination with the EOC on March 13, 2020 which was cross-filed with the Illinois Department of Human Rights; she received a right-to-sue letter from the EEOC on or around October 16, 2020; she notified the IDHR; she received dismissal from the IDHR on or around December 13, 2020; and she is bringing suit within 90 days of receipt of that dismissal.

WHEREFORE, Plaintiff, Ashlee Williams, requests that Defendant, FedEx, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which she is entitled under the law, including but not limited to reinstatement (or front pay); back pay and benefits; prejudgment interest on back pay; a tax offset payment; pre-judgment interest; compensatory damages; punitive damages; attorney's fees; expenses (including expert expenses); and costs.

**Count 6: Retaliation in Violation of IHRA**

68. Plaintiff re-alleges the allegations of Count 3 here.

69. Under the IHRA, it is a civil rights violation for a person to retaliate against a person because she has opposed that which she reasonably and in good faith believed to be unlawful discrimination in employment.

70. In addition to violating Title VII, FedEx also violated the IHRA.

71. Williams was damaged financially and emotionally by FedEx's violations of the IHRA.

72. Punitive damages are necessary to punish FedEx.

73. Punitive damages are necessary to deter FedEx (and companies like it) from committing similar violations in the future.

74. Williams exhausted her administrative remedies under the IHRA: she filed a Charge of Discrimination with the EOC on March 13, 2020 which was cross-filed with the Illinois Department of Human Rights; she received a right-to-sue letter from the EEOC on or around October 16, 2020; she notified the IDHR; she received dismissal from the IDHR on or around December 13, 2020; and she is bringing suit within 90 days of receipt of that dismissal.

WHEREFORE, Plaintiff, Ashlee Williams, requests that Defendant, FedEx, be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which she is entitled under the law, including but not limited to reinstatement (or front pay); back pay and benefits; prejudgment interest on back pay; a tax offset payment; pre-judgment interest; compensatory damages; punitive damages; attorney's fees; expenses (including expert expenses); and costs.

**Jury Demand**

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: 12/17/20 Respectfully submitted by:

s/Julie Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com